IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-1867 |
| | § | (CRIMINAL NUMBER H-11-130-01) |
| MARIANO DIAZ, | § | |
| TDCJ-CID NO. 96528079, | § | |
| | § | |
| Defendant/Petitioner. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant, Mariano Diaz, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (Docket Entry No. 46).[1] The United States has filed a Motion to Dismiss Diaz's Motion (Docket Entry No. 52), to which Diaz has filed a Reply (Docket Entry No. 53). In his motion Diaz argues that his trial counsel was ineffective for failing to challenge the use of a prior felony drug conviction to increase his base offense level by 16 levels. Diaz argues that his prior conviction does not qualify as a drug trafficking offense.

Diaz pled guilty to illegal reentry after conviction of an aggravated felony in violation of 18 U.S.C. § 1326(a) & (b)(2). At his rearraignment he admitted that on August 26, 1988, he was

---

[1]All docket entry references are to Criminal No. H-11-130.

convicted in the 248th District Court of Harris County, Texas, of unlawfully, intentionally, and knowingly delivering by actual transfer a controlled substance. (Transcript of March 28, 2011, Rearraignment, Docket Entry No. 36, pp. 16-17) In the Presentence Investigation Report ("PIR") (Docket Entry No. 19) the Probation Officer concluded that this conviction warranted a 16-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i). Before Diaz's sentencing his attorney filed a Statement of No Objection and Sentencing Memorandum (Docket Entry No. 18). Although Diaz's counsel argued that a downward departure was appropriate, he did not challenge the 16-level enhancement that resulted from Diaz's 1988 felony drug trafficking conviction.

In order to prevail on his § 2255 motion Diaz must show that his trial counsel rendered deficient performance and that the deficient performance prejudiced Diaz. Diaz has not shown any valid basis by which his counsel could have challenged the 16-level increase for his prior felony drug conviction. Guideline § 2L1.2(b)(1)(A)(i) provides for a 16-level increase if the defendant was deported after "a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months . . ." Application note 1(B)(iv) states that "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled

substance (or a counterfeit substance), or the possession of a controlled substance (or a counterfeit substance), with intent to manufacture, import, distribute, or dispense."

The PIR states that on August 26, 1988, Diaz pleaded guilty to delivery of cocaine in the 248th District Court of Harris County, Texas, in Cause No. 507443. Diaz was sentenced to ten years' probation, which was later revoked, and he was sentenced to five years' imprisonment. (PIR, Docket Entry No. 19, ¶¶ 18 & 29) The Judgment in Cause No. 507443 recites that Diaz was convicted of "unlawfully intentionally and knowingly deliver[ing] by actual transfer a controlled substance namely cocaine weighing an aggregate weight [of] less than 28 grams." The Indictment in Cause No. 507443 charged that Diaz "intentionally and knowingly deliver[ed] by actual transfer to H.L. LEWIS, a controlled substance, namely, cocaine, weighing by aggregate weight . . . less than 28 grams." These facts supported the 16-level enhancement recommended by the Probation Officer in the PIR.

Diaz argues that his counsel should have objected to the use of the judgment and indictment to establish his prior drug trafficking conviction. He argues that the state court records do not support the 16-level enhancement because they do not identify the state statute under which he was convicted. Diaz has not cited any authority that imposes such a requirement, and the court is not aware of any such requirement as long as the state court records show -- as they do -- that the criteria for the enhancement have

been satisfied. Diaz has not shown that his trial counsel was deficient in failing to object to the use of the documents to establish his prior felony drug trafficking conviction or in failing to object to Diaz's 16-level enhancement because of his 1988 felony drug conviction. Moreover, Diaz was not prejudiced by his attorney's failure to object to the use of such documents to establish his conviction, or to object to the 16-level enhancement, because had counsel raised such objections, the court would have denied them.

Diaz argues that he repeatedly told his trial counsel he was not convicted of the drug trafficking felony. This contention is contradicted by the statements Diaz made under oath at his rearraignment. Moreover, at his sentencing, where Diaz could raise any objections to the PIR, the following colloquy occurred:

> THE COURT: Has the presentence investigation report been read to you in Spanish before today?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you discussed it with your attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Your attorney has filed a statement of no objections to the presentence report. Do you have any objections to the report?
>
> (Mr. Sanchez and the Defendant confer)
>
> THE DEFENDANT: No.

Transcript of June 9, 2011, Sentencing, Docket Entry No. 34, page 2 lines 9-19.

Because Diaz has not shown any basis for relief under U.S.C. § 2255, the United States' Motion to Dismiss Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry No. 52) is **GRANTED**; and Diaz's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (Docket Entry No. 46) is **DENIED**.

**SIGNED** at Houston, Texas, on this 16th day of August, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE